**EIGHTEEN INVESTMENTS, INC.,
Plaintiff/Respondent,**

and

**Rick Houseman, LC,
Intervenor/Respondent,**

v.

**KCS, LLC, Defendant/Appellant.**

**No. ED 91452.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 2009.

Marvin Max Klamen, St. Louis, MO, Lawrence Gerard Gillespie, Co–Counsel, Clayton, MO, for Appellant.

Charles Francis Dufour, Jr., Becker, Dufour & Yarbrough, St. Louis, MO, for Rick Houseman.

John Robert Sears, St. Louis, MO, for Stewart Title Guaranty.

Joseph Vincent Keady, Jr., John Christopher Grellner, Co–Counsel, Clayton, MO, for Eighteen Investments.

Before NANNETTE A. BAKER, C.J., and KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J.

### ORDER

PER CURIAM.

KCS, LLC (KCS) appeals from the grant of summary judgment in favor of Eighteen Investments, Inc. (Eighteen) and Intervenor Rick Houseman, LC (Houseman) on their action for quiet title. On appeal, KCS argues the trial court erred in granting summary judgment in favor of Eighteen and Houseman because: (1) Eighteen and Houseman lacked standing to pursue their claim; (2) Eighteen and Houseman failed to make a timely offer of refund, as required by Section 140.600, RSMo 2000,[1] and, further, failed to bring all necessary parties before the trial court at the time summary judgment was granted; and (3) Eighteen did not lack notice or knowledge of KCS's interest in the property located at 8805 Chickasaw Court, St. Louis, Missouri 63132, in St. Louis County (Subject Property), as required by Section 140.405, RSMo Cum. Supp. 2007.[2] We affirm.

We have reviewed the briefs of the parties and the record on appeal. There is no genuine issue of material fact which would preclude entry of summary judgment. Rule 74.04(c)(3). An extended opinion would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision.

We affirm[3] the judgment pursuant to Rule 84.16(b).

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. All statutory references to Section 140.405 are to RSMo Cum. Supp. 2007.

3. Eighteen and Houseman have filed two motions taken with the case. The motion to dismiss KCS's appeal for various Rule 84.04 briefing violations is denied. The motion to strike portions of the legal file not before the trial court on the joint summary judgment motion is granted.